**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 15, 2009
Decided November 10, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-1052

| | |
|---|---|
| EKREM BAJRAMOSKI, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A098-719-677 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Ekrem Bajramoski, a citizen of Macedonia and a member of the Roma (gypsy) ethnic minority, applied for asylum and for withholding of his removal. The immigration judge ("IJ") denied his application, finding that Mr. Bajramoski's account of persecution was vague and did not establish a basis for relief. The Board of Immigration Appeals ("BIA" or "Board") concurred and dismissed Mr. Bajramoski's appeal. Mr. Bajramoski now petitions for review. Because the Board's decision was supported by substantial evidence, we deny Mr. Bajramoski's petition.

Immigration officials initiated removal proceedings against Mr. Bajramoski after he was caught unlawfully entering the United States from Mexico. At his first removal hearing in May 2005, the IJ provided Mr. Bajramoski with a Macedonian interpreter, but Mr. Bajramoski used his uncle to translate the proceedings instead. Mr. Bajramoski testified at this hearing that he had traveled from Macedonia to the United States to escape his abusive father. Two months later, Mr. Bajramoski requested asylum and withholding of removal based on persecution he suffered because of his Roma ethnicity. At Mr. Bajramoski's second removal hearing, he, through counsel, informed the IJ that he speaks Albanian. Accordingly, at his third removal hearing in January 2006, Mr. Bajramoski was provided with an Albanian interpreter, but this time he, through counsel, stated that he needed a Macedonian interpreter after all.

At Mr. Bajramoski's final removal hearing in May 2007, the IJ provided him with a Macedonian interpreter, but Mr. Bajramoski had difficulty understanding the interpreter. His uncle, who was present at the hearing, stated that Mr. Bajramoski spoke a mix of Macedonian, Albanian, and a third language, presumably Romani (the language spoken by ethnic Roma). The IJ contacted a different Macedonian interpreter who, along with Mr. Bajramoski's uncle, assisted over the phone in translating the remainder of the hearing. Mr. Bajramoski then testified that he was born in Macedonia, where he had been living with his parents and working as a home repairman before he left for the United States. He stated that his parents and sister still live in Macedonia. When the IJ asked him why he did not want to return to Macedonia, Mr. Bajramoski replied that, as a Roma, he had difficulty finding work and experienced difficulties with law enforcement. Although he alluded to attacks during a local election against his family members, he admitted that he had not been personally arrested or attacked. Moreover, when pressed to recount any incidents of persecution, he could not provide a specific example. He concluded by saying that he is afraid of Macedonians and Albanians, who want to expel Roma from the country.

After the hearing, the IJ found that Mr. Bajramoski did not qualify for asylum because, despite evidence of general mistreatment of Roma by the majority Macedonian population, Mr. Bajramoski presented no evidence that he personally suffered past persecution. The IJ also found that Mr. Bajramoski failed to establish a reasonable fear of future persecution, especially in light of the fact that discrimination against Roma had not prevented him from attending school and having a job. Finally, the IJ determined that, because Mr. Bajramoski failed to satisfy the lower burden of proof required for asylum, he could not satisfy the more stringent standards required for withholding of removal and protection under the Convention Against Torture.

Mr. Bajramoski appealed to the BIA, which dismissed the appeal. The BIA determined that Mr. Bajramoski had failed to establish past persecution because he

admitted that he had never been arrested or harmed. The BIA also noted that Mr. Bajramoski had never reconciled his initial reason for leaving Macedonia (his abusive father) with his current claim of ethnic discrimination. Furthermore, the BIA found his fear of future persecution to be unreasonable given that his parents and sister have remained in Macedonia unharmed. Finally, the BIA addressed Mr. Bajramoski's argument that he was denied a fair hearing because the IJ failed to provide an adequate interpreter. The BIA concluded that the IJ corrected the initial interpretation problems at the May 2007 hearing and went on to conduct the removal proceedings fairly. The BIA noted that Mr. Bajramoski had not pointed to any facts that the interpreter prevented him from presenting at his hearing.

In his petition for review, Mr. Bajramoski first argues that the BIA and IJ erred in denying his applications for asylum and withholding of removal. He asserts that he established past persecution and a well-founded fear of future persecution due to his membership in a particular social group--the Roma ethnic minority--and the pattern of harassment and discrimination against Roma in Macedonia. Mr. Bajramoski does not point to specific findings or determinations by the IJ or BIA that were erroneous; his brief essentially restates the sparse facts that he provided in his asylum application and in his testimony at the removal hearing.

When the BIA issues its own opinion, as it did here, as opposed to adopting or merely supplementing the opinion of the IJ, we review only the opinion of the BIA. *Moab v. Gonzales*, 500 F.3d 656, 659 (7th Cir. 2007). We shall uphold the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (internal quotation marks and citation omitted); *Chatta v. Mukasey*, 523 F.3d 748, 751 (7th Cir. 2008) (same).

In order to qualify for asylum, an applicant has the burden of establishing that he is a refugee, 8 U.S.C. § 1158(b)(1), which is defined as an individual who is unable or unwilling to return to his home country because of past persecution or a well-founded fear of future persecution on the basis of "race, religion, nationality, membership in a particular social group, or political opinion." *Id.* § 1101(a)(42). An asylum applicant who proves past persecution is entitled to a rebuttable presumption that he has a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1); *see also Haxhiu v. Mukasey,* 519 F.3d 685, 690 (7th Cir. 2008).

Mr. Bajramoski contends that he presented evidence of past persecution on the basis of his Roma ethnicity. He asserts that there is "uncontroverted evidence" showing "a pattern of discrimination and violence against the Roma population of Macedonia," Pet. Br. 20, but he does not substantiate that assertion with specific facts, nor does he point to any

incidents showing that he personally suffered persecution. *See Ayele v. Holder*, 564 F.3d 862, 868 (7th Cir. 2009) ("Ayele admits that the government never personally persecuted her, so to succeed on her asylum petition she must show a well-founded fear of future persecution."). Mr. Bajramoski cites various country reports as evidence that the attitude of the population in Macedonia is hostile to Roma, but "generalized evidence in a country report is" insufficient to support a grant of asylum. *Chen v. Gonzales*, 457 F.3d 670, 674 (7th Cir. 2006) (internal quotation marks and citation omitted). Moreover, his conclusory testimony regarding harm that he and his family suffered on account of their Roma ethnicity was also too vague to support a finding of past persecution. *See Thap v. Mukasey*, 544 F.3d 674, 681-82 (6th Cir. 2008); *Dandan v. Ashcroft*, 339 F.3d 567, 573-74 (7th Cir. 2003).

As an alternative basis for asylum, Mr. Bajramoski submits that he has a well-founded fear of future persecution. He asserts that at his removal hearing he "clearly and credibly explained how he feared returning to Macedonia," Pet. Br. 23, but again he cites to no specific facts in the record showing that his fear of future persecution is reasonable. *See Roman v. INS*, 233 F.3d 1027, 1034 (7th Cir. 2000) (requiring applicant to present specific facts in order to meet his burden of establishing fear of persecution). Also, the fact that his immediate family remains in Macedonia unharmed further undercuts the reasonableness of his fear of future persecution. *See Ambati v. Reno*, 233 F.3d 1054, 1061 (7th Cir. 2000); *Bhatt v. Reno*, 172 F.3d 978, 982 (7th Cir. 1999). Thus, the BIA's finding that Mr. Bajramoski failed to show past persecution or a reasonable fear of future persecution is supported by the record. Because Mr. Bajramoski has not demonstrated that he qualifies for asylum, moreover, he cannot meet the more stringent test for withholding of removal. *See Soumare v. Mukasey*, 525 F.3d 547, 552 (7th Cir. 2008).

Mr. Bajramoski also contends that the BIA erred in rejecting his due process claim. He correctly notes that he had a due process right to an interpreter at his final removal hearing. *Nazarova v. INS*, 171 F.3d 478, 484 (7th Cir. 1999). He maintains that the IJ did not provide adequate interpreters at his final removal hearing in May 2007. At the hearing in question, he was provided with a Macedonian interpreter, but it was unclear what Mr. Bajramoski's best language was. However, Mr. Bajramoski was able to testify at the hearing with translation help from his uncle and the second Macedonian interpreter provided by the IJ. Therefore, this argument fails because Mr. Bajramoski does not point to any mistranslation that prejudiced his case. *See Kuqo v. Ashcroft*, 391 F.3d 856, 858 (7th Cir. 2004); *Capric v. Ashcroft*, 355 F.3d 1075, 1088 (7th Cir. 2004).

The petition for review is denied.